J-A10001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| EVERETT ABITBOL AND VALERIE ABITBOL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TRACEY GERHART AND JAMES GERHART | : | No. 2423 EDA 2022 |
| Appellants | : | |

Appeal from the Order Entered September 21, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  200701934

BEFORE:   PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED AUGUST 11, 2023**

Everett and Valerie Abitbol rented their Philadelphia residence to Tracey and James Gerhart. When the Gerharts broke the two-year lease, the Abitbols initiated this action for breach of contract seeking damages in the form of unpaid rent, interest, costs and attorneys' fees. The Gerharts now appeal from the order finding in favor of the Abitbols and directing the Gerharts to pay $248,297.98.

After being denied a stay in the trial court, the Gerharts filed an Emergency Motion for Supersedeas to this Court. We issued an order granting a stay, pending the resolution of this appeal. ***See*** Order 12/21/2022. The trial court provided a comprehensive account of the procedural and factual history

---

[*] Former Justice specially assigned to the Superior Court.

of the case which we need not repeat. **See** Trial Court Opinion, 11/22/2022, at 1-7.

The Gerharts raise the following issues for our review on appeal:

1) Did the court err in not finding that it lacked jurisdiction or power under the City of Philadelphia Ordinance to enter a verdict for Plaintiff due to the lack of rental licensing?
2) Did the lower court err in its handling of the application of evidence and burden of proof in the City of Philadelphia ordinances?
3) Did the court err in permitting Plaintiff's attorney's bill to stand without modification?

Appellant's Brief at 2 (unnecessary capitalizations omitted).

After reviewing the record, the parties' briefs, and the Honorable Michele D. Hangley's well-reasoned opinion, we conclude the Gerharts' issues merit no relief. The trial court's Pa.R.A.P. 1925(a) Opinion effectively disposes of the questions presented. **See** Trial Court Opinion, 11/22/2022, at 5-11. (Finding: the Abitbols' testimony from an accountant and real estate agent was sufficient to establish the existence of the appropriate rental licensing and prove they satisfied the city's requirements; there was no need to reach the question of burden of proof regarding the documents, but, if the burden did lay with the Abitbols, they satisfied it; the attorneys' fees were appropriate and the length of time spent working on the case was commensurate with the defense mounted by the Gerharts). We affirm on the basis of the trial court's opinion. Based on this decision, we lift the stay that was issued pending the resolution of this appeal.

Order affirmed. Stay lifted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/11/2023</u>